UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:23-cv-1427-SDM-AAS
     8:15-cr-264-SDM-AAS

FRED JOSEPH TURNER
_____/

**ORDER**

Turner's motion under 28 U.S.C. § 2255 to vacate is not signed by Turner but instead signed by a non-attorney purporting to proceed as Turner's friend. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that, although a non-lawyer may appear *in propria persona* in his own behalf, a non-lawyer has no authority to appear for others). Consequently, the motion fails to comply with the signature requirement of Rule 2(b)(5), Rules Governing Section 2255 Proceedings, which provides, "The motion must . . . be signed under penalty of perjury by the movant . . . ." Also, the absence of a signature violates Rule 11(a), Federal Rules of Civil Procedure, which requires every written motion "be signed . . . by a party personally if the party is unrepresented."

Although 28 U.S.C. § 2242 allows the filing of an application for a writ of habeas corpus "by someone acting in [the applicant's] behalf," "next friend" standing requires both (1) "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on

- 2 -

his own behalf to prosecute the action" and (2) a showing that the " 'next friend' [is] truly dedicated to the best interests of the person on whose behalf he seeks to litigate," such as having "some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).  Turner's purported "next friend" meets neither of the two requirements, specifically, the person represents that due to the prison mail system Turner is unable to sign and file the motion in a "timely fashion" — not that Turner is unable to sign and file the motion on his own behalf — and the person shows no "significant relationship" with Turner. Moreover, Turner has signed and filed his version of the motion to vacate.  (Doc. 2)

The motion to vacate (Doc. 1), filed by a "next friend," is **STRICKEN**.  This action proceeds under Turner's motion to vacate (Doc. 2) docketed as a supplement to the initial motion to vacate.  (Doc. 1)

ORDERED in Tampa, Florida, on August 9, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE